# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DAMIAN A. BLAIR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 5:15-cv-02167-KOB-TMP |
| | ) |
| SHERIFF MATT GENTRY, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

The magistrate judge entered a report on August 26, 2016, recommending that all of the plaintiff's claims in this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of certain Eighth Amendment conditions of confinement claims. (Doc. 46 at 56). The magistrate judge recommended the plaintiff's claims that the conditions in the Cullman County Jail relating to overcrowding, the presence of black mold, missing covers on electric boxes, broken and rusted sprinkler heads, and paper on the ceilings which pose a fire hazard violate his Eighth Amendment right against cruel and unusual punishment, proceed against defendants Gentry, Lee, Black, and Hammick, and that these claims be referred to the magistrate judge for further proceedings. (*Id*.) Although the magistrate judge advised

the plaintiff of his right to file specific written objections within fourteen days, no objections have been received by the court.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. The court **ORDERS** that the plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted, EXCEPT specific claims related to the plaintiff's conditions of confinement under the Eighth Amendment. The court **ORDERS** that the plaintiff's Eighth Amendment conditions of confinement claims against defendants Gentry, Lee, Black, and Hammick concerning conditions at Cullman County Jail relating to overcrowding, the presence of black mold, missing covers on electric boxes, broken and rusted sprinkler heads, and paper on the ceilings which pose a fire hazard are **REFERRED** to the magistrate judge for further proceedings.

Also before the court is the plaintiff's "Motion Requesting Special Review,"

---

[1] On September 1, 2016, the plaintiff notified the Clerk of Court that he had been transferred to Kilby Correctional Facility. (Doc. 47). On the same day, the Clerk's Office resent the magistrate judge's report and recommendation to the plaintiff's updated address. On September 23, 2014, the plaintiff notified the Clerk of Court that he had been transferred to Ventress Correctional Facility. (Doc. 50). The plaintiff wrote, "If any other orders from this court [have] been issued since the brief from the Magistrate Judge please send me a copy here." (*Id.*). Therefore, it appears the plaintiff received the magistrate judge's report and recommendation. Fourteen days have elapsed since the report and recommendation was mailed to the plaintiff after his first notice of an address change, and he has not moved for an extension of time to file objections.

(doc. 45), in which he requests that his complaint be "screened." (*Id*. at 2).  The plaintiff's complaint has been screened pursuant to the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, and the magistrate judge has recommended the dismissal of claims that fail to state a claim upon which relief may be granted, and recommended that some claims be referred for further proceedings.  As stated above, the magistrate judge's report is adopted and his recommendation is accepted.  Therefore, the plaintiff's "Motion Requesting Special Review," (doc. 45), is **DENIED** as **MOOT**.

DONE and ORDERED this 28th day of September, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE